the general rule. That a law is in itself inequitable in every possible case, or in its general application, will not justify the court in dispensing with it. This would be to usurp legislative power. Where it is necessary for a person to apply to a court of equity to obtain a remedy which he could not have at law, the court will compel him to do equity before they will grant him the relief he asks. Upon this principle, it is, that when a creditor claims equitable assets, they will allow him only an equal share with those who have equal equity. But where a creditor gains a legal advantage, the court will not restrain him, unless for the purpose of carrying into effect its own decree—its own decree already passed, not that which it may hereafter make. The same law which gives a priority to creditors of a particular class, (for instance, bond-creditors,) makes it necessary, in case of a deficiency of assets, that a priority should exist between creditors in equal degree; otherwise the administrator would not be able to protect himself against them all, by paying some, and pleading plene administravit as to the residue. Priority of payment follows priority of judgment; and even if an administrator could not confess a judgment, there would still exist a priority, because the judgments could not be rendered at the same moment. Some creditors would gain a priority by diligence, and others by the greater ease in establishing their claims. It is, therefore, clear, that there is, at law, a priority, or at least the legal means of obtaining a priority, among claims in equal degree, as well as among claims of different degrees. The principle upon which the injunction is claimed, applies as strongly to reduce to a level claims of different degrees, as claims of the same degree. The rule of law is as strong in favor of the one priority as of the other. The question then recurs, whether this court can set up the general inequitable nature of the law, as (in itself) a ground of equitable relief? We are clear that it cannot. That it would be an usurpation of legislative, and not an exercise of judicial powers. The injunction, therefore, cannot be granted.

WILSON (WOODWORTH v.). See Case No. 18,023.

WILSON (WYNN v.). See Case No. 18,116.

## Case No. 17,849.

### WILSON v. YOUNG.

[2 Cranch, C. C. 33.] [1]

Circuit Court, District of Columbia. Nov. Term, 1811.

TRANSFER IN WRITING—PAROL EVIDENCE.

Parol evidence cannot be given of a transfer in writing, without proof of the loss of the writing, or otherwise accounting for its non-production.

[1] [Reported by Hon. William Cranch, Chief Judge.]

Assumpsit, on a policy on the ship Governor Strong, from Norfolk to Liverpool. To prove interest in Wilson, parol proof was offered that a transfer was made by Henderson to Wilson, to secure Wilson against his indorsement for Henderson. This transfer was by an instrument in writing.

The defendant's counsel objected that this testimony is not competent evidence without proof of the loss of the instrument, or otherwise accounting for its non-production. And of that opinion was the court. THRUSTON, Circuit Judge, absent.

WILSON, The FREDERICK M. See Case No. 5,078.

## Case No. 17,850.

### WILSON PACKING CO. et al. v. CLAPP.

[8 Biss. 154; 3 Ban. & A. 243; 13 O. G. 368; Fent. Pat. 35.] [1]

Circuit Court, N. D. Illinois. Feb., 1878.

PATENT FOR INVENTION—CANNED GOODS—INJUNCTION AGAINST INFRINGEMENT—PROOF.

1. The main and principal feature of the art of canning foods of various kinds, being old and well known, a patent for any particular article of canned goods "as a new article of commerce" must be clearly sustained by proof, in order to sustain an injunction against other manufacturers of similar goods.

2. An injunction ought not to issue to restrain the infringement of a patent when it does not appear from the record that the defendant has ever made or sold any of the goods in the district.

3. The sending of circulars to parties engaged in the trade, notifying them of a preliminary injunction, is improper.

4. Whether the pyramidal form of can is patentable, quære.

In equity. On the 5th of January last, a motion was made by complainants, based on the bill and affidavits previously filed, for an injunction, restraining the defendant [William B. Clapp] from putting up, manufacturing, or selling canned corned beef, in such manner as to infringe upon certain patents belonging to complainants and particularly described in the bill. The bill and affidavits were not read, but both parties being represented by counsel, it was conceded that a case was made for an injunction and an injunction order was accordingly entered as prayed, with the understanding that defendant might move for the vacation of said order, as soon as counsel could prepare their affidavits. The affidavits were soon after filed and the motion submitted upon the allegations and proofs of the respective parties and the briefs and arguments of counsel.

Munday & Evarts, West & Bond, John N. Jewett. and T. A. Goodwin, for complainants.

Eldridge & Tourtelotte, Noble & Orrick, and Coburn & Thacher, for defendant.

[1] [Reported by Josiah H. Bissell, Esq., and by Hubert A. Banning, Esq., and Henry Arden, Esq., and here compiled and reprinted by permission.]